UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE GARCIA ESTRADA, § | |
| TDCJ # #835624 § | |
| *Petitioner*, § | |
| § | |
| v.  § | CIVIL ACTION NO: H-06-3723 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Joe Garcia Estrada filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, which has been referred to this magistrate judge for report and recommendation. (Dkt. 8). Respondent has filed a motion to dismiss. (Dkt. 16). The court recommends that Estrada's writ application and motion for relief be dismissed as successive.[1]

Estrada previously filed a federal writ application challenging the convictions entered against him in the 180th District Court of Harris County, Texas in cause nos. 697896, 724327, 724328, 724329, 724330, 724331, 724332, and 724333. *See Estrada v. Cockrell*, Civil Action No. H-01-2032 (S.D. Tex. March 20, 2003). That petition was denied on the merits. The Fifth Circuit also denied a certificate of appealability and Estrada's petition for rehearing en banc on May 19, 2004. *Estrada v. Dretke*, Civil Action No. 03-20358.

---

[1] Petitioner's motions to amend (Dkts. 11, 14) and for default judgment (Dkts. 19, 21) are dismissed for lack of jurisdiction. Because petitioner has not received prior authorization from the Fifth Circuit to file a successive petition, this court lacks jurisdiction to construe his motions.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244(b). A later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition. *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). Estrada asserts that he files this petition as a Rule 60(b) motion. However, Rule 60(b) relief in the § 2254 context is only available to the extent that it is not "inconsistent with" the governing statutory restrictions on federal habeas corpus relief, including the limitations on successive applications. *See Gonzalez v. Grosby*, 545 U.S. 524, 532 (2005).

Estrada's petition attacks the validity of his original convictions raising claims which could have been brought in his prior petition. *See* Fed. Writ Pet. at 2. ("Petitioner moves this Court to vacate the conviction(s), that were unconstitutionally consolidated together under one trial.") Therefore, this petition is construed as a successive petition for writ of habeas corpus within the meaning of § 2244(b). Because Estrada has not obtained an order from the court of appeals authorizing the district court to consider his application, the court recommends that this petition be dismissed for lack of jurisdiction. 28 U.S.C. § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The court further finds that Estrada has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court

recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on July 30, 2007.

Stephen Wm Smith
United States Magistrate Judge